IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER ROBLES,<br><br>                    Plaintiff,<br><br>vs.<br><br>OFFICER JUSTIN RUBY, in his individual and official capacities, SUPERVISOR DOE, in their individual and official capacities, and CITY OF OMAHA, a Nebraska political subdivision,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT, JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL** |

Jennifer Robles, Plaintiff in the above-captioned matter, by and through her counsel of record, for her cause of action against Defendants, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Jennifer Robles is a resident of Omaha, Douglas County, Nebraska.

2.

Officer Justin RUBY is a law enforcement officer of the City of Omaha Police Department. He is sued in his individual and official capacities. SUPERVISOR DOE is a law enforcement officer and supervisor of the City of Omaha Police Department, and is also sued in their individual and official capacity. The City of Omaha is a Nebraska political subdivision.

3.

This action is brought pursuant to the provisions of 28 U.S.C. §§ 1331 and 1333, and 42 U.S.C. §§ 1983 and 1988. The proper venue for this action is the United States District Court for

the District of Nebraska, because the action complained of occurred in Omaha, Douglas County, Nebraska.

4.

**FACTUAL BACKGROUND**

5.

These events took place on September 19, 2020, when ROBLES had thrown a surprise birthday gathering for her husband at her home. When some guests became disruptive law enforcement was called; but the disruptive guests settled down on their own before law enforcement arrived at ROBLES' home.

6.

Officer Justin RUBY arrived at ROBLES' home at 2243 hours. ROBLES answered the door. RUBY asked if he could come in.

7.

A doorbell surveillance video recorded the encounter between RUBY and ROBLES that followed:



8.

In the video shown above, RUBY shows no panic, fear or feelings of being threatened: this is not a "rapidly evolving situation" in which he must make a split-second decision to save his or a brother officer's life.

9.

All of this occurred in front of ROBLES' 12-year-old son.

10.

RUBY cited ROBLES for obstructing a peace officer.

11.

Neither the Omaha City Attorney nor the Douglas County Attorney filed any criminal charges against ROBLES arising from this incident.

12.

Thereafter, an Internal Affairs investigation yielded a finding that RUBY violated the following policies of the City of Omaha Police Department: 1) Response to Resistance - Use of Force; 2) Searches - Private Residences / Warrantless Non-consensual Entry; and 3) Use of Coarse/Profane or Insolent Language.

13.

The injury to ROBLES caused by RUBY's abusive use of force was serious. An MRI revealed a partial tear involving the posterior aspect of the supraspinatus tendon in her right shoulder. She underwent physical therapy, then a steroid injection, and finally arthroscopic surgery with biceps translocation/tenodesis with debridement glenoid laburm and bursectomy. Her post-operative pain and limitation persists.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 – RUBY**

14.

ROBLES had a right under the Constitution of the United States to be free from excessive force, from arrest without probable cause, from the abuse of power by law enforcement and to due process by law enforcement professionals.

15.

At all times relevant to this Complaint, RUBY was acting under color of law – under the constitutions, statutes, administrative rules, customs, policies and usages of CITY, the State of Nebraska and the United States – and had assumed the responsibilities, activities, and rights involved in exercising his roles as members of CITY's professional staff.

16.

RUBY acted with deliberate indifference to ROBLES' known and recognized constitutional and legal rights to due process and bodily integrity and to be free from excessive force and indifference to her rights. RUBY actively participated in the deprivation of ROBLES' constitutional rights.

17.

RUBY's conduct, within his duties as a member of CITY's professional law enforcement staff, under color of state law, deprived ROBLES of rights, privileges and immunities secured by the United States Constitution. Particularly, ROBLES was deprived of her constitutional liberty interest in due process and bodily integrity and in freedom from excessive punishment and indifference to her rights.

## SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983 – CITY OF OMAHA and SUPERVISOR DOE

18.

CITY and SUPERVISOR DOE are charged with the responsibility and duty to protect and serve the public by properly hiring, training and controlling officers under their command, including RUBY. This duty includes promulgation and enforcement of rules, regulation and training regarding the use of excessive force.

19.

CITY's duty includes a duty to train, through SUPERVISOR DOE, its professional law enforcement staff in the proper, improper and abusive use of force. It includes a duty to train, through SUPERVISOR DOE, its professional law enforcement staff to de-escalate tensions rather than attack and assault peaceful citizens. It includes a duty to train its professional law enforcement staff to never arrest or issue citations without probable cause. It includes a duty to not enter the private property of citizens without their permission and consent unless there is an emergency, a warrant or the need for a welfare check.

20.

CITY failed to promulgate adequate training, rules and regulations relating to excessive force and the abuse of arrest and citation powers, and further failed, through SUPERVISOR DOE, to instruct and train RUBY in the appropriate methods for avoiding inappropriate and abusive use of excessive force and arrest and citation powers.

21.

CITY established through tacit authorization or explicit instruction a policy or custom of allowing officers to commit uses of excessive force and/or abuse of arrest and citation powers. That

policy was enacted and enforced with deliberate indifference in the constitutional rights of persons effected thereby.

22.

CITY failed to properly train and control officers under its command, including RUBY, and failed to ensure compliance with its training and regulations regarding the use of force and arrest without probable cause; that failure has resulted in a policy or custom of inadequate training on the subject of excessive force and arrest and citation without probable cause.

23.

CITY's custom of failing to properly train and control officers under its command, including RUBY, and its failure to ensure compliance with its training and regulations on use of force and arrest without probable cause, amounts to deliberate indifference to the rights of persons with whom CITY officers come into contact, including the rights of ROBLES herein.

24.

CITY's custom and policy of allowing abuse of force and arrest powers, and CITY's failure to properly train and control officers under its command, including RUBY, was so reckless that misconduct involving excessive force was inevitable as of September 19, 2020.

**PUNITIVE DAMAGES**

25.

In addition to compensatory damages, ROBLES hereby makes a claim for punitive damages against Defendants in an amount to be proven at trial for the willful and wanton acts and omissions of Defendants, to include violation of ROBLES' civil rights, as alleged herein. The acts and omissions of Defendants in this case were so gross and culpable in nature that they constitute reckless indifference and callous and wanton disregard for the law and for the lives and safety of others,

including ROBLES. Defendants committed the acts and omissions alleged herein and subjected ROBLES to improper treatment. Defendants' actions should be punished, and an example should be made so that these actions and omissions are not repeated.

26.

The recovery of punitive damages is permitted under the federal civil rights statutes for reckless and callous indifference to the federally protected rights of others, and is thus appropriate in this case. This instance of reckless and callous indifference to ROBLES' safety and constitutional rights should be punished through the imposition of punitive damages so as to make an example of conduct that will not be tolerated.

## ATTORNEY'S FEES

27.

As a result of defendants' actions as alleged herein, ROBLES was required to retain the services of attorneys and are entitled to a reasonable amount for attorney's fee pursuant to 42 U.S.C. § 1988 for those violations covered by the Civil Rights Act.

## DAMAGES

28.

The acts and omissions of Defendants as set forth above have resulted in damages to ROBLES, in these particulars:

A. Compensatory damages in an amount to be proven at trial, for ROBLES' physical and mental pain and suffering, inconvenience and medical expense of not less than $46,689.14;

B. Compensatory damages for the violation of ROBLES' rights under the federal and state Constitutions;

D. Punitive damages to punish and deter the reprehensible conduct alleged, and shown by video evidence, in this Complaint;

E. Attorneys' fees and expenses available under 42 U.S.C. § 1988; and

F. The costs of this action and such other and further relief as this Court deems equitable and proper.

**WHEREFORE,** Plaintiff prays for judgment against the defendants as follows:

A. Plaintiffs pray for damages in an amount which will fairly and justly compensate for their injuries and the violation of their civil rights, and other consequential damages flowing from the violations and torts set forth herein;

B. Punitive damages in an amount sufficient to adequately punish defendants and to deter future conduct of the type alleged in this Complaint;

C. For attorneys' fees pursuant to 42 U.S.C. § 1988; and

D. For the costs of this action and for such other and further relief as this Court deems equitable and proper.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

ROBLES requests that this matter be tried to a jury in Omaha, Nebraska.

JENNIFER ROBLES, Plaintiff,

By: /s/ *Maren Lynn Chaloupka*
Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Law LLC
1906 Broadway
P.O. Box 1724
Scottsbluff, NE 69363-1724
(308) 270-5091
mlc@chaloupkalaw.net

-AND-

Eric R. Chandler - NSBA #23313
Law Offices of Eric R. Chandler
17504 Wright Street, Suite 101
Omaha, NE 68130
eric@ericchandlerlaw.com